IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA SANDOVAL,<br><br>                Plaintiff,<br><br>vs.<br><br>OFC. JOHN PEDEN (IN HIS INDIVIDUAL CAPACITY), CHIEF MARK MONTGOMERY, in his individual and official capacities; CITY OF COZAD, a Nebraska political subdivision; and OFC. JOHN PEDEN (IN HIS OFFICIAL CAPACITY),<br><br>                Defendants. | 4:22CV3074<br><br>**MEMORANDUM AND ORDER** |

      This action was filed on May 2, 2022, by Plaintiff, Veronica Sandoval, who requested the trial take place in Lincoln, Nebraska. Defendants have moved to change the trial location to North Platte, Nebraska, citing the convenience of the litigants, witnesses, and counsel. (Filing No. 13). Defendants note the only apparent tie to Lincoln is Defendant Peden's Lincoln-based counsel[1], who are representing him in his individual capacity and have joined the motion to designate North Platte as the trial location. For the reasons discussed below, Defendants' motion will be granted, and this case will be tried in North Platte.

      Under the court's rules, when deciding the place of trial "The judge shall consider the convenience of the litigants, witnesses and counsel," NECivR 40.1(b)(1), with the convenience of the litigants and witnesses generally afforded

---

[1] The court notes that Plaintiff's counsel is based in Scottsbluff, Nebraska, which is closer to North Platte and much further from Lincoln than North Platte. Thus, the convenience of plaintiff's counsel is not a significant factor to be considered when deciding whether to change the trial location from Lincoln to North Platte.

greater weight than the convenience of counsel. Sands v. Integrated Cardiology Grp., L.L.C., No. 8:22CV72, 2022 WL 1156358, at *1 (D. Neb. Apr. 19, 2022), citing Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 116863, at *1 (D. Neb. Jan. 13, 2011).

This action was brought pursuant to 42 U.S.C. § 1983. The alleged actions, involving officers of the Cozad Police Department, took place in Cozad, Nebraska, where Plaintiff resides. (Filing No. 1).

In their motion, Defendants assert the distance from Cozad to North Platte is shorter (50 miles and approximately 45 minutes by car) than the distance the parties and witnesses would need to travel from Cozad to Lincoln (approximately 180 miles and a 5-hour drive). Additionally, Defendants offered the affidavit of Mark Montgomery, the Chief of Police for the City of Cozad. Montgomery states that with only 8 officers on staff, "having any of the officers absent from the city limits for any length of time, especially for a multi-day trial in Lincoln, is a significant hardship for our department." (Filing No. 14-1 at CM/ECF p. 1). Montgomery states that he is familiar with the facts and circumstances underlying Plaintiff's claims and the witnesses identified by the City of Cozad all live in or near Cozad. (Filing No. 14-1). Defendants' motion also notes that the courthouse in North Platte, Nebraska is an appropriate trial location because it is "allowing jury trials, and is not, at present, unduly restricted by Covid-19 protocols or social distancing protocols. (Filing No. 13).

In response, Plaintiff asserts Mark Montgomery omitted a crucial detail from his affidavit; specifically that he is currently running unopposed in the general election for Dawson County Sheriff. She asserts that Mark Montgomery will no longer be the Chief of the Cozad Police Department by the time of trial, assuming this case will not be tried before January 2023. Plaintiff also notes that "as to covid

precautions: who knows what the future will hold at the time of trial." ([Filing No. 17 at CM/ECF p. 2](#)). For this reason, as well as Mark Montgomery's potential new position, the plaintiff asks the court to hold Defendants' motion in abeyance.

First, as to the Covid-19 protocols, this court continues to adapt to the circumstances and the need to use or not use the North Platte courthouse based upon updated Covid-19 protocols is something that can be considered and discussed between the parties and the court as the date of trial nears.

Second, irrespective of the upcoming election and any associated publicity, Mark Montgomery and/or other representatives of the City of Cozad will be necessary at the time of trial, and the convenience of trial in North Platte versus Lincoln is significant for the Cozad Police Department. Further, it appears that the individual litigants and many or all other witnesses known at this time reside in or near Cozad, which is closer to North Platte than Lincoln and would require less travel time and would likely prevent the need for overnight hotel stays during a multi-day trial. Finally, any juror bias regarding Mark Montgomery's election campaign or election can be handled during voir dire.

Plaintiff's response is silent as to reason behind or the benefit of Plaintiff's chosen trial location. Plaintiff chose to file this case in the United States District Court for the District of Nebraska, a forum with trial locations in Lincoln, Omaha, and North Platte. Plaintiff's case will be tried in this district, Plaintiff's chosen venue, but moving the location of trial from Lincoln to North Platte is more convenient for the litigants, witnesses, and counsel.

Accordingly,

IT IS ORDERED:

1) The motion to change place of trial is granted. ([Filing No. 13](#))

2) The trial of this case will be held in North Platte, Nebraska.

Dated this 2nd day of September, 2022.

                                                  BY THE COURT:

                                                *s/ Cheryl R. Zwart*
                                                United States Magistrate Judge